WILLARD IVEY v. THE STATE.

No. 2843.   Decided May 10, 1905.

**Appeal From Justice Court—Motion For New Trial—Statute Construed.**

Under article 890, Code Criminal Procedure, which provides that such an appeal bond shall in all cases be given within ten days after the judgment of the court refusing a new trial has been rendered and not afterwards, it is not a condition precedent to an appeal from justice court to the county court to make a motion for new trial; but all that is necessary is to give notice of appeal and file bond as required by said statute.

Appeal from the County Court of Tom Green. Tried below before Hon. Milton Mays.

Appeal from a judgment dismissing appeal from justice court upon a conviction of voluntary intoxication in public place; penalty, a fine of $1.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin*, Assistant Attorney-General, and *C. E. Dubois*, for the State.—Langbein v. State, 37 Texas, 162.

BROOKS, JUDGE.—Appellant attempted to appeal from the judgment of the justice court to the county court, without first having filed a motion for new trial in the justice court. The bond was executed and filed within ten days after the rendition of the judgment. In the county court the State moved to dismiss the appeal because. of the failure of the appellant to file motion for new trial in the justice court, which motion was sustained by the county court. From this judgment of the county court appellant appeals. Article 890, Code Criminal Procedure, provides: "Such appeal bond shall in all cases be given within ten days after the judgment of the court refusing a new trial has been rendered, and not afterwards." We do not think it is necessary to file a motion for new trial in the justice court before appealing the case; but all that is necessary is for appellant to give notice of appeal, and file the proper bond within the ten days as required by statute. We do not think the statute quoted was intended to make a motion for new trial a condition precedent to appeal. It follows, therefore, that the

trial court erred in sustaining the motion made in the county court to dismiss the appeal because a motion for new trial had not been filed in the justice court. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*